**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PPC BROADBAND, INC.,**                :

          Plaintiff,                :

     -against-                :

**CORNING OPTICAL**                :
**COMMUNICATIONS RF LLC**,

         Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No. 16-cv-00162-BKS-TWD

**JURY TRIAL DEMANDED**

**DEFENDANT CORNING OPTICAL COMMUNICATIONS RF LLC'S**
**FIRST AMENDED ANSWER & COUNTERCLAIM TO PPC'S COMPLAINT**

     Defendant Corning Optical Communications RF LLC ("Corning") hereby files a first

amended answer and answers the numbered paragraphs of the Complaint of PPC Broadband, Inc.

("PPC") as follows:

**Nature of Action[1]**

     1.    This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et*

*seq*., seeks relief arising out of Corning's infringement of U.S. Patent Nos. 8,075,338, 8,366,481,

8,469,740, 8,475,205, 8,480,431, and 8,485,845 (collectively, the "Patents-in-Suit"), of which

PPC is the owner by assignment.

     **Answer to Paragraph 1:**    **Corning admits that this action is brought under the**
**Patent Laws of the United States, 35 U.S.C. §1, *et seq*.  Corning denies that it**
**infringes the Patents-in-Suit.  Corning is without sufficient information to either**
**admit or deny the remaining allegations of this paragraph, and on that basis, denies**
**them.**

---

[1] Corning's replication of headings in the Complaint are merely for convenience and are not to be
considered admission of their accuracy.  Accordingly, Corning denies them on this basis.

## Parties

2.      PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

**Answer to Paragraph 2:      Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

3.      Upon information and belief, Corning is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 5310 W. Camelback Road, Glendale, Arizona.

**Answer to Paragraph 2:      Corning admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5310 W. Camelback Road, Glendale, Arizona.  Corning denies the remaining allegations of this paragraph.**

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

**Answer to Paragraph 4:      Corning admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.**

5.      This Court has personal jurisdiction over Corning, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of PPC's patents.

2

**Answer to Paragraph 5: Corning admits that this Court has personal jurisdiction over it in this case. Corning denies that it has committed acts of patent infringement in this District and denies the remaining allegations of this paragraph.**

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Answer to Paragraph 6:    Corning denies that venue is proper in this district under 28 U.S.C. §§ 1391 and/or 1400. Corning denies the remaining allegations of this paragraph.**

## Factual Allegations

### The Industry

7.    PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

**Answer to Paragraph 7:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

8.    PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

**Answer to Paragraph 8:    Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9.    Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.

**Answer to Paragraph 9:    Corning admits that coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.**

10.    PPC's cable connectors are used indoors and outdoors to connect cables from external sources (*e.g.,* a utility pole) to end-user electronic devices.

3

**Answer to Paragraph 10:    Corning admits that cable connectors generally can be used indoors and outdoors to connect cables from external sources (e.g., a utility pole) to end-user electronic devices.  Corning denies the remaining allegations of this paragraph.**

11.    Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

**Answer to Paragraph 11:    Corning admits that some coaxial cable connectors are designed to be installed to create a connection.  Corning denies the remaining allegations of this paragraph.**

**The Patents-in Suit**

12.    On October 18, 2010, PPC filed a patent application on the invention of Noah Montena, U.S. Patent Application Serial No. 12/906,503 (the "'503 Application"), entitled "Connector Having A Constant Contact Post."

**Answer to Paragraph 12:    Corning admits that on October 18, 2010, PPC filed a patent application on behalf of purported inventor Noah Montena that was assigned U.S. Patent Application Serial No. 12/906,503 and was entitled "Connector Having A Constant Contact post."  Corning denies the remaining allegations of this paragraph.**

13.    On December 13, 2011, the '506 Application resulted in the issuance of U.S. Patent No. 8,075,338 (the "'338 Patent").  The '338 Patent was assigned to PPC.  PPC is the sole owner of, and has the sole right to sue upon, the '338 Patent.  A copy of the '338 Patent is filed herewith as Exhibit A.

**Answer to Paragraph 13:    Corning admits that on December 13, 2011, the '503 Application issued as the '338 Patent, but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States.  Corning admits that the '338 Patent purports to be assigned to PPC.  Corning is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

14.     On March 30, 2011, PPC filed a patent application on the invention of Trevor

Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No.

13/075,406 (the "'406 Application"), entitled "Continuity Maintaining Biasing Member."

> **Answer to Paragraph 14:   Corning admits that on March 30, 2011, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/075,406, entitled "Continuity Maintaining Biasing Member." Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

15.     On February 5, 2013, the '406 Application resulted in the issuance of U.S. Patent

No. 8,366,481 (the "'481 Patent"). The '481 Patent was assigned to PPC. PPC is the sole owner

of, and has the sole right to sue upon, the '481 Patent. A copy of the '481 Patent is filed herewith

as Exhibit B.

> **Answer to Paragraph 15:   Corning admits that on February 5, 2013, the '406 Application issued as the '481 Patent but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States. Corning admits that the '481 Patent purports to be assigned to PPC. Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

16.     On December 24, 2012, PPC filed a patent application on the invention of Trevor

Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No.

13/726,347 (the "'347 Application"), entitled "Continuity Maintaining Biasing Member."

> **Answer to Paragraph 16:   Corning admits that on December 24, 2012, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/726,347, entitled "Continuity Maintaining Biasing Member." Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

17.     On June 25, 2013, the '347 Application resulted in the issuance of U.S. Patent No.

8,469,740 (the "'740 Patent"). The '740 Patent was assigned to PPC. PPC is the sole owner of,

and has the sole right to sue upon, the '740 Patent.  A copy of the '740 Patent is filed herewith as

Exhibit C.

> **Answer to Paragraph 17:**    Corning admits that on June 25, 2013, the '347 Application issued as the '740 Patent but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States.  Corning admits that the '740 Patent purports to be assigned to PPC.  Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

18.     On December 24, 2012, PPC filed a patent application on the invention of Trevor

Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No.

13/726,349 (the "'349 Application"), entitled "Continuity Maintaining Biasing Member."

> **Answer to Paragraph 18:**    Corning admits that on December 24, 2012, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/726,349, entitled "Continuity Maintaining Biasing Member."   Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

19.     On July 2, 2013, the '349 Application resulted in the issuance of U.S. Patent No.

8,475,205 (the "'205 Patent").  The '205 Patent was assigned to PPC.  PPC is the sole owner of,

and has the sole right to sue upon, the '205 Patent.  A copy of the '205 Patent is filed herewith as

Exhibit D.

> **Answer to Paragraph 19:**    Corning admits that on July 2, 2013, the '349 Application issued as the '205 Patent but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States.  Corning admits that the '205 Patent purports to be assigned to PPC.  Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

20.     On December 24, 2012, PPC filed a patent application on the invention of Trevor

Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No.

13/726,339 (the "'339 Application"), entitled "Continuity Maintaining Biasing Member."

**Answer to Paragraph 20:    Corning admits that on December 24, 2012, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/726,339, entitled "Continuity Maintaining Biasing Member." Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

21.    On July 9, 2013, the '339 Application resulted in the issuance of U.S. Patent No. 8,480,431 (the "'431 Patent"). The '431 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '431 Patent. A copy of the '431 Patent is filed herewith as Exhibit E.

**Answer to Paragraph 21:    Corning admits that on July 9, 2013, the '339 Application issued as the '431 Patent but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States. Corning admits that the '431 Patent purports to be assigned to PPC. Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

22.    On December 24, 2012, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/726,356 (the "'356 Application"), entitled "Continuity Maintaining Biasing Member."

**Answer to Paragraph 22:    Corning admits that on December 24, 2012, PPC filed a patent application on the invention of Trevor Ehret, Richard A. Haube, Noah Montena, and Souheil Zraik, U.S. Patent Application Serial No. 13/726,356 , entitled "Continuity Maintaining Biasing Member." Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

23.    On July 16, 2013, the '356 Application resulted in the issuance of U.S. Patent No. 8,485,845 (the "'845 Patent"). The '845 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '845 Patent. A copy of the '845 Patent is filed herewith as Exhibit F.

**Answer to Paragraph 23:    Corning admits that on July 16, 2013, the '356 Application issued as the '845 Patent but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States. Corning admits**

**that the '845 Patent purports to be assigned to PPC. Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

24.     PPC has not licensed Corning to practice the Patents-in-Suit and Corning has no right or authority to license others to practice the Patents-in-Suit.

**Answer to Paragraph 24:    Corning denies the remaining allegations of this paragraph.**

25.     Corning has actual notice of its infringement of the Patents-in-Suit at least as a result of the commencement of this action.

**Answer to Paragraph 25:    This paragraph contains no factual allegations to which a response is required. To the extent a response is required, Corning denies the allegations of this paragraph.**

<u>**Count I**</u>
<u>*(Infringement of the '338 Patent)*</u>

26.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 25 above as if they were stated in full herein.

**Answer to Paragraph 26:    Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 25 of the Complaint.**

27.     Corning has infringed at least claims 5, 6, and 8 of the '338 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1), GF-URS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-59-SR (NS- 12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 27:    Corning denies the allegations of this paragraph.**

8

28.     Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 28:     Corning denies the allegations of this paragraph.**

29.     Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 29:     Corning denies the allegations of this paragraph.**

30.     Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 30:     Corning denies the allegations of this paragraph.**

## Count II
### *(Infringement of the '481 Patent)*

31.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 30 above as if they were stated in full herein.

**Answer to Paragraph 31:     Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 30 of the Complaint.**

32.     Corning has infringed at least claims 1, 3, 5, 6, 7, 14, 15, and 16 of the '481 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1), GFURS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-

59-SR (NS-12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 32:**    **Corning denies the allegations of this paragraph.**

33.    Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 33:**    **Corning denies the allegations of this paragraph.**

34.    Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 34:**    **Corning denies the allegations of this paragraph.**

35.    Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 35:**    **Corning denies the allegations of this paragraph.**

**Count III**
***(Infringement of the '481 Patent)***

36.    PPC repeats and reasserts all allegations contained in Paragraphs 1 through 35 above as if they were stated in full herein.

**Answer to Paragraph 36:**    **Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 35 of the Complaint.**

37.    Corning has infringed at least claims 1, 3, 4, 5, 6, 8, 9, 10, and 11 of the '740 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1),

10

GFURS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-59-SR (NS-12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 37:     Corning denies the allegations of this paragraph.**

38.     Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 38:     Corning denies the allegations of this paragraph.**

39.     Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 39:     Corning denies the allegations of this paragraph.**

40.     Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 40:     Corning denies the allegations of this paragraph.**

## Count IV
### (*Infringement of the '205 Patent*)

41.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 40 above as if they were stated in full herein.

**Answer to Paragraph 41:     Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 40 of the Complaint.**

42.     Corning has infringed at least claims 42, 43, 44, 45, 46, 47, 48, 49, and 50 of the '205 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale,

and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1), GF-URS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-59-SR (NS-12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 42:     Corning denies the allegations of this paragraph.**

43.     Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 43:     Corning denies the allegations of this paragraph.**

44.     Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 44:     Corning denies the allegations of this paragraph.**

45.     Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 45:     Corning denies the allegations of this paragraph.**

## Count V
### *(Infringement of the '431 Patent)*

46.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 45 above as if they were stated in full herein.

**Answer to Paragraph 46:     Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 45 of the Complaint.**

47.     Corning has infringed at least claims 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the '431 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1), GFURS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-59-SR (NS-12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 47:**     **Corning denies the allegations of this paragraph.**

48.     Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 48:**     **Corning denies the allegations of this paragraph.**

49.     Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 49:**     **Corning denies the allegations of this paragraph.**

50.     Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 50:**     **Corning denies the allegations of this paragraph.**

## Count VI
### *(Infringement of the '431 Patent)*

51.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 50 above as if they were stated in full herein.

**Answer to Paragraph 51:     Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1 through 50 of the Complaint.**

52.     Corning has infringed at least claims 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the '845 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-6 (NS-11788-1), GFURS-6-K (NS-11880), GF-URS-6-SR (NS-11878), and Corning's EFC series connectors that bear model numbers such as GF-EFC-59 (NS-12039-1), GF-EFC-59-K (NS-12044-1), GF-EFC-59-SR (NS-12043-1), GF-EFC-6 (NS-12045-1), GF-EFC-6-K (NS-12050-1), and GF-EFC-6-SR (NS-12049-1).

**Answer to Paragraph 52:     Corning denies the allegations of this paragraph.**

53.     Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 53:     Corning denies the allegations of this paragraph.**

54.     Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 54:     Corning denies the allegations of this paragraph.**

55.     Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 55:     Corning denies the allegations of this paragraph.**

## FIRST DEFENSE

PPC's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Venue is not proper in this district.

## THIRD DEFENSE

Corning does not infringe and has not infringed any valid and enforceable claims of the '338, '481, '740, '205, '431, and '845 Patents.

## FOURTH DEFENSE

The '338, '481, '740, '205, '431, and '845 Patents are invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq.*  In particular, and without limitation, the claims of the `481, `740, `205, `431, and `845 Patents are invalid under 35 USC § 102(g)(2) due to prior conception and reduction to practice by an employee of Corning.  In addition, and without limitation, claims in all of the patents in suit are invalid under 35 USC § 112, second paragraph.  Further still, and without limitation, the patents in suit are invalid under 35 USC §§ 102, 103.

## FIFTH DEFENSE

PPC's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

## SIXTH DEFENSE

PPC's claims are barred in whole or in part by the doctrine of collateral estoppel.

EAST\123220910.1

## SEVENTH DEFENSE

Corning has engaged in all relevant activities in good faith, thereby precluding PPC, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. 285.

## EIGHTH DEFENSE

PPC's claim for damages is barred in whole or in part by the doctrine against double recovery.

## NINTH DEFENSE

PPC is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable injury.

## TENTH DEFENSE

By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the '338, '481, '740, '205, '431, and '845 Patents, as well as the during the prosecution of patent applications related to the '338, '481, '740, '205, '431, and '845 Patents, PPC is estopped from asserting that any claim of this patent is infringed by Corning under the Doctrine of Equivalents.

## ELEVENTH DEFENSE

Corning reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM

56.     Pursuant to FED. R. CIV. P.   13, Counter-Plaintiff, Corning Optical Communications RF, LLC ("Corning") complains and alleges against Counter-Defendant, PPC Broadband, Inc. ("PPC"), as follows:

## NATURE OF THE LAWSUIT

57.     This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

## PARTIES

58.     Corning is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5310 W. Camelback Road, Glendale, Arizona.

59.     The Complaint alleges that PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

## JURISDICTION AND VENUE

60.     This Court has subject matter jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under FED. R. CIV. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

61.     Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by PPC in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b).  Thus, while Corning denies that venue is proper in this district for PPC's claim, if venue is proper for that claim, then venue is proper for this compulsory counterclaim.

62.     This Court has personal jurisdiction over PPC, *inter alia*, because PPC has submitted to personal jurisdiction herein by filing its Complaint in this Court.

## COUNT I
## DECLARATORY JUDGMENT

63.     Corning re-alleges and incorporates herein the foregoing responses and allegations.

64.     By virtue of the Complaint filed by PPC in this action, there is an actual and justiciable controversy between Corning and PPC concerning infringement of the '338, '481, '740, '205, '431, and '845 Patents.  A judicial declaration is needed and is appropriate to resolve this controversy.

65.     Corning seeks a declaration that the products made, used, imported, sold or offered for sale by Corning have not and do not infringe, directly or indirectly, any valid and enforceable claims of the '338, '481, '740, '205, '431, and '845 Patents for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

66.     This case qualifies as an exceptional case under 35 U.S.C. § 285.


## COUNT II
## DECLARATORY JUDGMENT OF PRIOR DEVELOPMENT

67.     Corning re-alleges and incorporates herein the foregoing responses and allegations.

68.     A Corning employee conceived and reduced to practice the subject matter of the claims of the `481, `740, `205, `431, and `845 patents before the invention thereof by plaintiff. Corning disclosed its prior development to plaintiff.  Yet, despite knowledge that the patents in suit are invalid, plaintiff has taken steps to perpetuate and enforce these patents, including by filing this case.

69.     Therefore, Corning seeks a declaration that the `481, `740, `205, `431, and `845 patents are invalid under 35 USC § 102(g)(2) due to Corning's prior development of the claimed subject matter and that this case is exceptional under 35 USC § 285.

## PRAYER FOR RELIEF

WHEREFORE, Corning respectfully requests that this Court:

A.      Dismiss PPC's Complaint with prejudice;

B.      Order and adjudge that Corning has not infringed any valid, enforceable claims of the '338, '481, '740, '205, '431, and '845 Patents;

C.      Order and adjudge that the '338, '481, '740, '205, '431, and '845 Patents are invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq*.;

D.      Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Corning its reasonable attorney's fees; and

E.      Grant Corning such further relief as this Court deems just and appropriate.

## JURY DEMAND

Corning hereby demands a jury trial on all issues so triable in this case.


Respectfully submitted,

Dated:  April 25, 2016

**DLA PIPER LLP (US)**
**HARTER SECREST & EMERY LLP**

By:   /s/ Joseph P. Lavelle

Jerauld E. Brydges (Bar Roll No. 511646)
**HARTER SECREST & EMERY LLP**
1600 Bausch & Lomb Place
Rochester, NY  14604-2711
Telephone: (585) 232-6500
Facsimile: (585) 232-2152
E-Mail: jbrydges@hselaw.com

Joseph P. Lavelle (Bar Roll No. 517129)
Andrew N. Stein (Bar Roll No. 514620)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C.  20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
E-Mail: joe.lavelle@dlapiper.com
E-Mail: andrew.stein@dlapiper.com

*Attorneys for Defendant Corning Optical*
*Communications RF LLC*

19

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 25, 2016, I caused Defendant Corning Optical Communications RF, LLC's First Amended Answer and Counterclaim to the Complaint to be filed electronically with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

Dated:  April 25, 2016

By:   /s/ Joseph P. Lavelle